JOSHUA GETCHELL *vs.* ÆTNA INSURANCE COMPANY.

A policy of insurance upon the insured's "stock of clothing, manufactured and in process of manufacture," which provides that the company shall not be liable for "loss for property owned by any other party, unless the interest of such party is stated on this policy," will not cover cloth owned by others but taken by the insured to be manufactured, under a written agreement by which the same is to be at his risk, even to the value of his work thereon.

CONTRACT upon a policy of insurance by which the defendants insured the plaintiff to the amount of $2000 "on his stock of clothing, manufactured and in process of manufacture," and

$250 on his furniture. The policy contained these provisions " The company are not to be liable " for " loss for property owned by any other party, unless the interest of such party is stated on this policy; and if the title of the property is transferred or changed " " this policy shall be void." In case of loss the insured was required to give immediate notice, stating, among other things, " the whole value and ownership of the property insured."

It was agreed, in the superior court, that the property claimed by the plaintiff to have been insured was burned within the time covered by the policy, and consisted of cloth in the process of being made up into garments, and some furniture which was injured to the amount of ten dollars. The cloth was the property of William R. Lovejoy & Co., who cut the same for garments, and sent the same to the plaintiff to be made up by him, and he received the same under the following agreement, signed by Lovejoy & Co., which accompanied the parcels:

" Mr. Joshua Getchell. We send you this day to manufacture for us, as follows, on the following terms and conditions, the receiving of the goods by you hereby being an acknowledgment of the same, unless we are notified to the contrary, and the goods returned to us immediately. The goods are to be manufactured as by directions inclosed, or, if sample is sent, to correspond in every respect to the same; the seams to be neatly and strongly sewed, and well pressed; button-holes carefully made, and the whole garment to be, in every particular, in merchantable shape for sale. If they are not sent to us thoroughly manufactured, and do not conform to the sample sent, or as per directions given, then the same are to be repaired by us at your expense in such manner as may be deemed necessary, or returned to you for repairs, or the value of the same charged to you, as we may elect. All goods are at your risk, from their delivery by us until returned to us at our place of business, and no amount to be allowed for the making of the same to be considered, in any way, as a lien on the goods until the same shall be received at our place of business and duly inspected by us. Terms of manufacturing, unless otherwise specified, to be 8 mos. credit from

the return of the goods by you to us duly inspected. All charges of transportation, unless otherwise agreed, to be paid by you." [A description of the goods was added.]

At the time of the fire, the labor to be performed by the plaintiff upon the cloth had all been performed, except pressing, and if this had been done would have amounted to $601.90. The bill for pressing would have been $30. The cloth destroyed was of the value of over $2000. The defendants had due notice and proof of loss.

It was further agreed, if parol evidence to prove the same would be competent, that the plaintiff agreed with Lovejoy & Co. to keep the property insured, and informed them that it was insured, and showed them the policy.

Upon these facts, judgment was rendered for the plaintiff for the amount of his policy; and the defendants appealed to this court.

*J. C. Dodge,* for the defendants, cited *Kibbe* v. *Hamilton Ins. Co.* 11 Gray, 163; *Work* v. *Merchants' & Farmers' Ins. Co.* 11 Cush. 271; *Lowell* v. *Middlesex Ins. Co.* 8 Cush. 127; *Smith* v. *Bowditch Ins. Co.* 6 Cush. 448; *Finney* v. *Bedford Ins. Co.* 8 Met. 348; *Parks* v. *General Interest Assurance Co.* 5 Pick. 33; *Dumas* v. *Jones,* 4 Mass. 647; *Toppan* v. *Atkinson,* 2 Mass. 365; *Graves* v. *Boston Marine Ins. Co.* 2 Cranch, 419; *Marshall* v. *Columbian Ins. Co.* 7 Fost. (N. H.) 157; *Van Natta* v. *Mutual Security Ins. Co.* 2 Sandf. 490; *Crowley* v. *Cohen,* 3 B. & Ad. 478.

*H. C. Hutchins,* for the plaintiff. The plaintiff clearly had an insurable interest in the property, to its full value, inasmuch as by the terms of his contract with Lovejoy & Co. it was at his risk. And it was not necessary that the nature of his interest should be disclosed in the policy. *Van Natta* v. *Mutual Security Ins. Co.* 2 Sandf. 490. *King* v. *State Ins. Co.* 7 Cush. 1. *Crowley* v. *Cohen,* 3 B. & Ad. 478. At all events he had an insurable interest to the amount of the labor performed by him upon the cloth. 2 Parsons Mar. L. 77, 78, 83, 84. The terms of the agreement did not deprive the plaintiff of his lien. *Logs of Mahogany,* 2 Sumner, 601. The provision in the policy that the defendants

were not to be liable for loss of property owned by any other party, &c., has no application to the present case, but refers to the necessity of stating the interest of another party when the insurance is really for such party, or for the benefit of whom it may concern. It does not require that the ownership or interest of a party who is not insured, and has no interest in the policy, and by whom no claim can be made, shall be stated. Nor would it affect the plaintiff's insurable interest if the loss had happened in such a way that he would not have been answerable to Lovejoy & Co. for the goods. *London & Northwestern Railway* v. *Glyn*, 1 El. & El. 652.

HOAR, J.* If we assume that the plaintiff had an insurable interest in the property described in the policy, either because he had a lien on it for his labor, or by reason of his agreement that it should be at his risk while in his possession, the effect to be given to the clause in the policy " that the company are not to be liable for any loss . . . . for property owned by any other party, unless the interest of such party is stated in this policy," remains to be considered. There was another owner of the cloths and clothing destroyed, and the interest of that owner was not disclosed upon the policy.

The plaintiff seeks to limit the effect of this stipulation, by construing it as applicable only to the case of an insurance effected really for another party, or for the benefit of whom it might concern. But we are unable to find such a restriction either in the words of the stipulation, or in the probable intent of the parties. The insurance was obtained by the plaintiff " upon his stock of clothing, manufactured and in process of manufacture." He is the only party to the defendants' contract. It only refers to his property, and purports to be only for his benefit. It was not made " for the benefit of whom it may concern." Upon the face of the contract, therefore, without the clause in question, no other party has an interest in the policy, or could make any claim under it. But the provision goes farther. As the party insured might have an insurable interest in property not his own,

* GRAY, J., did not sit in this case.

included in the description of the subject of the insurance, as that of a commission merchant in goods on which he had made advances, or of a carrier, warehouseman or other bailee, it is provided in terms, and as we think intentionally provided, that the insurance shall not extend to property of which the insured is not the owner, unless the ownership of another party is expressly stated in the policy. It is not an interest in the policy, but in the property, which is required to be disclosed, when the insured is not the owner.

This construction is strengthened by other clauses in the contract, which provide that a change or transfer of the title to the property without the written permission of the company shall avoid the policy; and require a statement of the ownership of the property on proof of loss. The provision seems to be substantially of the same character with a clause in English policies, that goods held in trust or on commission shall not be covered by the policy, unless expressly inserted therein; though somewhat broader and more comprehensive in its terms. *Waters* v. *Monarch Assurance Company,* 5 El. & Bl. 870. *London & North-western Railway* v. *Glyn,* 1 El. & El. 652.

We are all of opinion that the cloths and clothing destroyed by fire were not, upon the facts agreed, covered by the insurance, and that the plaintiff can only recover for the injury to his furniture.